PROB. 12B
(7/93)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 17 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  CALVIN KALAI JONES        Case Number:  CR 03-00507SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence:  5/24/2004

Original Offense:   Count 1:  Felon in Possession of a Firearm, in violation of
                    18 U.S.C. § 922(g)(1), a Class C felony

                    Count 2:  Felon in Possession of Ammunition, in violation of
                    18 U.S.C. § 922(g)(1), a Class C felony

                    Count 3:  Prohibited Person in Possession of a Firearm, in violation
                    of 18 U.S.C. § 922(g)(9), a Class C felony

                    Count 4:  Prohibited Person in Possession of Ammunition, in
                    violation of 18 U.S.C. § 922(g)(9), a Class C felony

Original Sentence:  Twenty-four (24) months imprisonment as to each of Counts 1, 2,
                    3, and 4, with all terms to be served concurrently, with three
                    (3) years supervised release as to each of Counts 1, 2, 3, and 4,
                    with all terms to be served concurrently.  The following special
                    conditions were ordered:  1) That the defendant participate in a
                    substance abuse program, which may include drug testing at the
                    discretion and direction of the Probation Office; 2) That the
                    defendant is prohibited from possessing any illegal or dangerous
                    weapons; 3) That the defendant provide the Probation Office
                    access to any requested financial information; and 4) That the
                    defendant shall submit his person, residence, place of
                    employment, or vehicle to a search conducted by the
                    U.S. Probation Office at a reasonable time and in a reasonable
                    manner, based upon reasonable suspicion of contraband or
                    evidence of a violation of a condition of supervision.  Failure to
                    submit to a search may be grounds for revocation.  The defendant

Prob 12B
(7/93)

2

| | |
|---|---|
| | shall warn any other resident that the premises may be subject to search pursuant to this condition. |
| Supervision Modified: | On 6/29/2005, the Court modified supervised release due to the offender's lack of resources. The following condition was imposed: |
| | 5. That the defendant shall participate in a Community Corrections Center (CCC) for a period not to exceed 180 days. While at the CCC, the defendant shall participate in all programs and shall be employed. The defendant may be released from the CCC at the discretion and direction of the Probation Office. |

<u>Type of Supervision:  Supervised Release   Date Supervision Commenced:  6/29/2005</u>

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

> *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day.*

1)   *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

## CAUSE

As Your Honor may recall, upon the offender's release from imprisonment, he had few resources and no housing. As a result, on 6/29/2005, the Court modified the offender's supervised release and imposed Special Condition No. 5 that allowed for his placement at Mahoney Hale. Since the start of supervision on 6/29/2005, the offender's supervision adjustment has been satisfactory and he has made great strides in his efforts to become independent. He has maintained stable employment and secured his own housing. Furthermore, he remains enrolled in drug counseling and testing.

However, on 1/9/2006, the offender submitted a urine specimen that presumptively tested positive for methamphetamine. When questioned the following day, the offender confessed that he took two "hits" of "ice" on 1/7/2006. He contributed

Prob 12B
(7/93)

3

his relapse to the passing of a close family friend. The offender appears remorseful as he explained that it was an isolated incident and that it would never happen again.

     The offender was verbally admonished and warned that future violations would result in greater consequences, including the possible initiation of revocation proceedings. Considering the offender's violation and in light of the <u>U.S. vs. Stephens</u> ruling, the proposed modification of the mandatory drug testing condition (General Condition) would allow our office to continue drug testing for the duration of supervision.

     The Court should also be aware that the offender's substance abuse counselor informed our office that the offender previously reported to a counseling session with a strong odor of alcohol on his breath. When questioned, the offender denied consuming alcohol and acknowledged that it would be a violation of the rules of drug treatment. Nonetheless, the proposed revision of Special Condition No. 1 to reflect updated language would formally address the prohibition against alcohol use while in treatment.

     It is respectfully recommended that the Court adopt the proposed modifications of the offender's supervised release. The offender has agreed to the modifications as noted by his signature on the attached Waiver of Hearing form (Probation Form 49). The offender waives his right to a hearing and to assistance of counsel. Both the U.S. Attorney's Office and the offender's attorney have been notified of the proposed changes and have no objections.

Respectfully submitted by,

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 1/13/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[✓]   The Modification of Conditions as Noted Above
[ ]   Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

1/13/06
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for   years, for a total term of   years.
[X]   To modify the conditions of supervision as follows:

> *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day.*

1)   *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

Witness: _____        Signed: _____
JONATHAN K. SKEDELESKI                              CALVIN KALAI JONES
U.S. Probation Officer                                        Supervised Releasee

_____
1/10/06
Date