Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court

**SEALED**
BY ORDER OF THE COURT

**for the**

**DISTRICT OF HAWAII**



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 02 2008

at /2 o'clock and 50 min. P. M. ✓
SUE BEITIA, CLERK

U.S.A. vs.  CALVIN KALAI JONES                              Docket No.  CR 03-00507SOM-01

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CALVIN KALAI JONES who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 24th day of May 2004, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

3.  That the defendant provide the Probation Office access to any requested financial information.

4.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 6/29/2005, the Court modified supervised release due to the offender's lack of resources. The following condition was imposed:

5.  That the defendant shall participate in a Community Corrections Center (CCC) for a period not to exceed 180 days.  While at the CCC, the defendant shall participate in all programs and shall be employed.

On 1/13/2006, the Court modified supervised release due to the offender's use of methamphetamine.  The General Condition and Special Condition No. 1 were amended as follows:

Prob 12C
(Rev. 1/06 D/HI)

2

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day.

1.  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

On 3/28/2006, the Court revoked supervised release for the following violations: 1) On 1/9/2006, 1/23/2006, and 1/30/2006, the offender's urine specimens tested positive for methamphetamine; 2) On 2/9/2006, the offender was terminated from the Hina Mauka drug treatment program; 3) On 2/13/2006, the offender refused to comply with drug testing; and 4) On 2/14/2006, the offender failed to follow instructions of the Probation Officer. He was sentenced to nine (9) months imprisonment with the following special conditions:

1.  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant shall submit his property, person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

3.  That the defendant serve up to 180 days community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

4.  That the defendant provide the Probation Office access to any requested financial information.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Judgment attached) as follows:

Prob 12C
(Rev. 1/06 D/HI)

3

1.   The offender's urine specimen taken as part of the treatment regimen submitted on 8/20/2007 tested positive for methamphetamine, in violation of Standard Condition No. 7.

2.   The offender's urine specimen submitted on 6/25/2008 tested positive for cocaine, in violation of the General Condition.

3.   The offender failed to refrain from the possession and/or use of alcohol while in substance abuse treatment, when on 8/20/2007, 6/23/2008, and 6/25/2008 he consumed alcohol, in violation of Special Condition No. 1.

4.   The offender failed to attend substance abuse counseling on 9/5/2007 and 10/11/2007, in violation of Special Condition No. 1.

5.   The offender failed to comply with drug testing on 3/9/2008 and 6/1/2008, in violation of Special Condition No. 1.

6.   The offender failed to notify the Probation Officer ten (10) days prior to any change in residence in or about May 2008, and a change of employment in or about June 2008, in violation of Standard Condition No. 6.

7.   The offender failed to report to the Probation Officer on 6/27/2008, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

4

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7/2/2008

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 2nd day of July, 2008, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **JONES, Calvin Kalai**
       **Criminal No. CR 03-00507SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**


### STATEMENT OF FACTS

The offender pled guilty to Count 1:  Felon in Possession of a Firearm; Count 2:  Felon in Possession of Ammunition; Count 3:  Prohibited Person in Possession of a Firearm; and Count 4:  Prohibited Person in Possession of Ammunition, all Class C felonies.  He was sentenced by Your Honor on 5/24/2004 to twenty-four (24) months imprisonment to be followed by three (3) years of supervised release.  He began his first supervised release term on 6/29/2005.

On 3/28/2006, the offender's supervised release was revoked and Your Honor sentenced him to nine (9) months imprisonment to be followed by twenty-four (24) months of supervised release.  The offender began his second supervised release term on 12/20/2006.

The offender's adjustment on supervision is considered poor.  Although he worked throughout this last supervised release term, he had multiple periods of unemployment and changed jobs frequently.  Although he received outpatient substance abuse treatment, including Intensive Outpatient (IOP), he continued to use illicit drugs and has consumed alcohol while he participated in drug testing.  The offender was also arrested for Driving Without License on 12/1/2008.  This case has been continued to 8/1/2008 in State Court.  It should also be noted that the offender tested presumptively positive for methamphetamine and cocaine on 7/1/2008.  The specimen was forwarded to a laboratory for confirmation and the results have not been received.  The offender has denied any additional illicit drug use.

**Violation Nos. 1 and 2 - Urine Specimen Taken as Part of Treatment Regimen Submitted on 8/20/2007 Tested Positive for Methamphetamine; and Urine Specimen Submitted on 6/25/2008 Tested Positive for Cocaine:**  Per the Special Condition, the offender was referred to Freedom Recovery Services (FRS) for outpatient substance abuse counseling and random drug testing.  As part of the treatment regimen, the offender submitted a urine specimen for testing on 8/20/2007 at FRS.  The offender admitted using methamphetamine during the preceding weekend.  The urine specimen was confirmed to be positive for methamphetamine by a laboratory.  As a corrective measure, the offender was placed in the IOP program at FRS.  He was also placed in a higher level of random drug testing and admonished by this officer.  On 10/2/2007, Your Honor was notified of this violation.  Our office recommended no further adverse action be taken at that time and Your Honor concurred.

Re:   **JONES, Calvin Kalai**
**Criminal No. CR 03-00507SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

Per the General Condition, the offender was instructed to submit a urine specimen at the Probation Office on 6/25/2008. When questioned, the offender stated that he could not remember if he used cocaine or not, because he had consumed large quantities of alcohol the night before the urine test. The urine specimen was confirmed to be positive for cocaine by a laboratory.

**Violation No. 3 - Failed to Refrain From the Possession and/or Use of Alcohol While in Substance Abuse Treatment, When on 8/20/2007, 6/23/2008, and 6/25/2008, He Consumed Alcohol:** Per the special condition, the offender is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment. The offender was referred to FRS and began participating in the treatment regimen on 1/2/2007. As mentioned above, the offender admitted using methamphetamine after submitting a urine specimen at FRS on 8/20/2007. At the time of his urine test, the offender also admitted to FRS staff that he had consumed alcohol after testing positive on an alcohol breath test. The offender was admonished for consuming alcohol while in treatment.

On 6/24/2008, our office received notification from FRS that the offender reported to a random drug test on 6/23/2008 with a strong odor of alcohol on his person. On 6/25/2008, the offender reported to the Probation Office to discuss this further. The offender again had a strong odor of alcohol on his person. The offender admitted consuming approximately six (6) beers on the day of his drug test on 6/23/2008. This officer had the offender submit to an Intoximeter alcohol test, which showed a blood alcohol level of .032. The offender admitted consuming approximately twenty (20) to twenty-four (24) beers on 6/24/2008 and into the early morning hours of 6/25/2008.

**Violation No. 4 - Failed to Attend Substance Abuse Counseling on 9/5/2007 and 10/11/2007:** As mentioned in Violation No. 1, the offender was referred to the FRS IOP program for more intensive substance abuse treatment after using methamphetamine. Our office was notified by FRS that the offender missed substance abuse counseling on 9/5/2007 and 10/11/2007. For both occasions, the offender admitted that he simply forgot to go. He was admonished both times and warned to be more careful in the future.

**Violation No. 5 - Failed to Comply With Drug Testing on 3/9/2008 and 6/1/2008:** Per the special condition, the offender was referred to FRS for substance abuse counseling and random drug testing. Our office was informed by FRS that on 3/9/2008 and 6/1/2008, the offender failed to report for drug testing. These missed drug tests were part of the treatment regimen at FRS.

Re:    **JONES, Calvin Kalai**
       **Criminal No. CR 03-00507SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**

With respect to both tests, the offender admitted that he forgot to call FRS for testing instructions. The offender was admonished and warned to pay closer attention to calling FRS daily for testing instructions.

**Violation No. 6 - Failed to Notify the Probation Officer Ten (10) Days Prior to any Change in Residence and Employment:** On 5/27/2008, this officer conducted an unannounced home inspection at the offender's residence, at 8:00 p.m. Upon approaching the residence, this officer noticed through the front window that the apartment appeared empty. The offender at no time informed this officer that he was moving prior to this date. On 6/2/2008, the offender called this officer and reported that he had moved suddenly at the end of May 2008. He reported his new address and was admonished and warned to report address changes prior to moving in the future.

On 6/24/2008, this officer attempted to reach the offender at work by calling his last known supervisor, Scott Adams, at James Miller Construction. Mr. Adams informed this officer that the offender had been terminated on 6/19/2008. The offender failed to report his termination from employment to our office.

**Violation No. 7 - Failed to Report to Probation Officer on 6/27/2008:** On 6/25/2008, the offender was instructed by this officer to report again to the Probation Office on 6/27/2008. This officer had a tentative plan to begin an Interactive Journaling program with the offender to address issues that were causing him significant difficulty. The offender failed to report for the scheduled meeting on 6/27/2008. On 6/302008, the offender called to report that he was sick on 6/27/2008. The offender failed to call our office on 6/27/2008 to reschedule the meeting. The offender was admonished for failing to call on 6/27/2008.

Re:  **JONES, Calvin Kalai**
     **Criminal No. CR 03-00507SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**


This is now the offender's second failure on supervised release.  The offender has a significant criminal history, involving Abuse of a Household Member, Assault, and Firearms.  Coupling this with his recent illicit drug use and excessive consumption of alcohol, he appears to pose a significant risk to the community.  Based on the above, we respectfully recommend that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.


Respectfully submitted by,


FRANK M. CONDELLO, II
U.S. Probation Officer


Approved by:


GENE DeMELLO, JR.
Supervising U.S. Probation Officer


FMC/ct

Re: **JONES, Calvin Kalai**
  **Criminal No. CR 03-00507SOM-01**
  **REVOCATION OF SUPERVISED RELEASE**
  **STATEMENT OF FACTS - Page 5**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

   There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

ORIGINAL

AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation



# United States District Court
## District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 3 0 2006

at 4 o'clock and 00 min. M
_____, CLERK

UNITED STATES OF AMERICA

v.

**CALVIN KALAI JONES**
(Defendant's Name)

'06 MAR 31 P 3:2

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number: <u>1:03CR00507-001</u>
USM Number: 95005-022

Alvin Nishimura Esq.
Defendant's Attorney

## THE DEFENDANT:

[✔]   admitted guilt to violation of conditions <u>General Condition; Standard Condition Nos. 3 and 7; and Special Condition No. 1</u> of the term of supervision.

[ ]   was found in violation of condition(s) _____ after denial or guilt.

| <u>Violation Number</u> | <u>Nature of Violation</u> | <u>Date Violation Occurred</u> |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   <u>1574</u>

Defendant's Residence Address:
**Honolulu, Hawaii 96816**

Defendant's Mailing Address:
**Honolulu, Hawaii 96816**

MARCH 28, 2006
Date of Imposition of Sentence

_____
Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

MAR 3 0 2006
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER:       1:03CR00507-001
DEFENDANT:         CALVIN KALAI JONES

Judgment - Page 2 of 5

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Subject's urine specimens tested positive for methamphetamine | 1/9/06 1/23/06 and 1/30/06 |
| 2 | Subject was terminated from the Hina Mauka drug treatment program | 2/9/06 |
| 3 | Subject refused to comply with drug testing | 2/13/06 |
| 4 | Subject failed to follow instructions of the probation officer | 2/14/06 |

AO 245B (Rev. 12/03)  Sheet 2 - Imprisonment

| CASE NUMBER: | 1:03CR00507-001 | Judgment - Page 3 of 5 |
|---|---|---|
| DEFENDANT: | CALVIN KALAI JONES | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  NINE (9) MONTHS .

This term consists of NINE (9) MONTHS as to Counts 1 through 4, with all terms to run concurrently.

[ ]     The court makes the following recommendations to the Bureau of Prisons:

[✔]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
         [ ]  at ___ on ___.
         [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
         [ ] before _ on ___.
         [ ] as notified by the United States Marshal.
         [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

         Defendant delivered on_____  to  _____

at _____ , with a certified copy of this judgment.


                                        _____
                                        UNITED STATES MARSHAL


                              By  _____
                                        Deputy U.S.  Marshal

| | |
|---|---|
| CASE NUMBER: | 1:03CR00507-001 |
| DEFENDANT: | CALVIN KALAI JONES |

Judgment - Page 4 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>TWENTY FOUR (24) MONTHS</u> .
This term consists of TWENTY FOUR (24) MONTHS as to Counts 1 through 4, with all terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter. The defendant to submit up to a maximum of one valid drug test per day as directed by the Probation Office.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)  Sheet 3 - Supervised Release

CASE NUMBER:        1:03CR00507-001                                    Judgment - Page 5  of  5
DEFENDANT:          CALVIN KALAI JONES

# SPECIAL CONDITIONS OF SUPERVISION

1.  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant shall submit his property, person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

3.  That the defendant serve up to 180 days community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office

4.  That the defendant provide the Probation Office access to any requested financial information.

ACKNOWLEDGMENT OF CONDITIONS
I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant                                          12-21-06
                                                   Date

United States Probation Officer                    12/21/06
                                                   Date